Floyd S. WRIGHT and Wright
Enterprises, Inc., Appellant,

v.

Estella N. FAGGAN, Appellee.

No. 05–88–00169–CV.

Court of Appeals of Texas,
Dallas.

April 4, 1989.

Rehearing Denied May 8, 1989.

David Stanley Jones, Dallas, for appellant.

Richard C. Jenkins, Dallas, for appellee.

Before HOWELL, McCLUNG and ROWE, JJ.

HOWELL, Justice.

In this case of first impression, the parties ask us to construe section 122.001 of the Civil Practice and Remedies Code—governing a juror's right to reemployment after jury service—and to decide whether it applies to an appearance for the limited purpose of claiming a statutory excuse from jury service. Appellant Floyd S. Wright (Employer) complains in three points of error that the statute does not apply to a *potential* juror who answers a jury summons for the purpose of claiming a statutory exemption. We disagree. We conclude that the statute does apply, and we affirm the judgment.

Appellee Estella Faggan (Employee) worked full time at Employer's fast food franchise on a morning shift. Employee testified that she received a jury summons for July 20, 1987 and presented the summons to the manager so that she could get time off from work. She was told to remind him of her upcoming jury duty. Employee was scheduled to report to work at 5 a.m. on the date for which she had been summoned. However, she forgot to call and remind the manager of her summons until 8 a.m.

Employee testified that she had received a jury summons in a prior year and had ignored it. Fearing that she might be put in jail if she failed to respond to a second summons, Employee said she felt she should appear in person at the Dallas County central jury room. Employee stated

that she was aware of her probable excuse under statute,[1] but felt compelled to appear in person to claim her exemption. The presiding judge excused her pursuant to the statute and gave her a completed juror certificate to that effect.

After leaving the courthouse, Employee stopped by the franchise, presented the certificate to the manager, and expressed an intention to go home to change into her uniform and report back for work. He told her not to return until the next day. On the next day the manager put her off again, and told her to come back the following day. When she returned on the third day, Employee presented Employer with a copy of the juror retaliation statute; the manager nevertheless notified her that she had been discharged.

Section 122.001 provides that "[a] private employer may not terminate the employment of a permanent employee because the employee serves as a juror." TEX.CIV. PRAC. & REM.CODE ANN. § 122.001(a) (Vernon 1986).[2] Employer argues that the statute does not apply because Employee was fired for violating the franchise's No Call/No Show/No Work policy and that her discharge was unrelated to her court appearance. Alternatively, Employer contends that the juror retaliation statute is inapplicable because Employee did not "serve as a juror."

■ Employer called several witnesses to testify that Employee was a poor worker, that she was released for her bad work habits, and that she violated the franchise's policy regarding absences without prior notice. We note, however, that section 122.-001 does not prohibit termination *solely* because of jury service. Thus, although other reasons may have contributed to her termination, the fact remains that Employee was discharged after she did not report to work on the day she appeared at the Dallas County courthouse pursuant to a jury summons. After hearing the evidence, the jury found that Employee was terminated "because she served as a juror." We conclude that the evidence was not legally insufficient to support the questions answered by the jury. Employer has not attacked the verdict for factual insufficiency. TEX.R.CIV.P. 324; TEX.R.APP.P. 52(a).

■ This brings us to the legal issue raised by Employer: whether the juror retaliation statute covers a person's appearance to claim an exemption, even though the juror does not actually serve on a jury panel. The parties have cited no reported Texas cases, and we have found none, that would provide guidance on this point. As Employee correctly points out in her brief, the underlying purpose of the juror retaliation statute is to encourage employees to appear for jury service without fear that their employment will be jeopardized. The parallel federal juror retaliation statute, prohibits termination of a permanent employee for "jury service, or the attendance or scheduled attendance in connection with such service, ..." 28 U.S.C.A. § 1875 (Supp.1988). Although the federal statute provides no controlling precedent for our state law, we find it persuasive in our construction of the Texas statute.

Employee's brief also calls our attention to the Code Construction Act,[3] which provides that a statute is enacted with the presumption that a just and reasonable result is intended, and that the public interest is favored over any private interest. TEX. GOV'T CODE ANN. §§ 311.021(3), 311.-021(5) (Vernon 1988). We conclude that the underlying purpose of the statute and public policy require us to construe the

---

1. A person qualified to serve as a juror may establish an exemption from service if he has legal custody of children younger than ten years of age and service on the jury requires leaving the children without adequate supervision. TEX.GOV'T CODE ANN. § 62.106(2) (Vernon 1988).

2. The statute also requires the employee, as soon as practical after jury service, to give the employer actual notice of intent to return. TEX.CIV.PRAC. & REM.CODE ANN. § 122.001(b) (Vernon 1986). We conclude that the facts as recited above gave Employer sufficient notice under the statute.

3. TEX.GOV'T CODE ANN. §§ 311.001–311.032 (Vernon 1988).

statute to include as jury service an appearance to claim a statutory exemption. Like actual service in the jury box, this activity requires an absence from work, and as such, an employee should not be made to fear termination for making such an appearance.[4]

We AFFIRM the trial court's judgment.

---

4. By point one, Employer complains of the trial court's refusal to submit its requested jury question and instruction seeking a determination whether Employee was discharged on account of actual jury service. Inasmuch as we have held that the statute also covers an appearance for the purpose of claiming an exemption, the court did not err in refusing to charge the jury in the restrictive terms urged by Employer.

In point three, Employer asserts error in the trial court's refusal to submit its requested jury question and instruction seeking a determination whether Employee was discharged *"solely because she served as a juror"* (emphasis added). Employer further complains of the refusal to admit into evidence a printed notice provided to jurors by Dallas County stating that employers were forbidden to discharge an employee "solely for serving jury duty." Inasmuch as we have held that sole cause is not the test under the retaliation statute, the trial court did not err in refusing to charge the jury in these terms, nor did it err in refusing the exhibit which could have done no more than misinform the jury as to the law.

By point two, Employer urges that jury questions two, four, five, and six, as they were submitted, presented the case on the wrong theory because the retaliation statute was inapplicable. We have held above that the case was submitted on the correct theory.

We therefore overrule all points of error.